IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD THOMAS,  No. CIV S-08-1295-CMK-P

    Petitioner,

  vs.  ORDER

Unknown,

    Respondent.

_____/

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court are petitioner's: (1) petition for a writ of habeas corpus (Doc. 1); and (2) response (Doc. 8) to the court's September 16, 2008, order to show cause.

Petitioner states in his petition that he pleaded guilty to the charge of attempted murder on a peace officer and was sentenced to 21 years to life in state prison. A guilty plea which is knowingly, intelligently, and voluntarily made, bars any right to later assert claims based on constitutional deprivations allegedly occurring prior to the guilty plea. See Lefkowitz v. Newsome, 420 U.S. 283, 288 (1975) (citing Brady v. United States, 397 U.S. 742 (1970); McMann v. Richardson, 397 U.S. 759 (1970); and Parker v. North Carolina, 397 U.S. 790

1

1 (1970)).  Thus, where the defendant pleads guilty, he may only challenge whether the guilty plea
2 was valid (i.e., knowing, intelligent, and voluntary).  See Tollett v. Henderson, 411 U.S. 258, 267
3 (1973); see also Mitchell v. Superior Court for Santa Clara County, 632 F.2d 767, 769-70 (9th
4 Cir. 1980).  This rule is known as the "Tollett rule."   In the instant federal petition, petitioner
5 does not raise any claims relating to the validity of the plea but argues "potential merritous"
6 claims in support of a reduced sentence.

7       Based on the foregoing, and petitioner's apparent failure to raise any claims
8 relating to the validity of his guilty plea, the court directed petitioner to show cause why this case
9 should not be summarily dismissed.  In his response, petitioner states that his case should not be
10 dismissed because he was incompetent at the time he entered his guilty plea and, therefore, it was
11 neither knowing nor voluntary.  While this argument is raised for the first time in petitioner's
12 response to the court's order to show cause, the court notes upon further review of the petition
13 that petitioner placed a check mark on the form petition next to the following ground for relief:
14 "Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily
15 with understanding of the nature of the charges and the consequences of the plea."  Given this
16 and petitioner's current assertion of incompetence at the time he entered his plea, the court will
17 discharge the order to show cause and provide petitioner an opportunity to amend the petition to
18 assert factual allegations in support of his claim.  Failure to file an amended petition within the
19 time permitted by this order may result in dismissal of the action for lack of prosecution and
20 failure to comply with court orders.  See Local Rule 11-110.
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /

Accordingly, IT IS HEREBY ORDERED that:

1. The order to show cause (Doc. 7) is discharged;

2. Petitioner's petition for a writ of habeas corpus (Doc. 1) is dismissed; and

3. Petitioner shall file an amended petition within 30 days of the date of this order.

DATED: October 3, 2008

　　　　　　　　　　　　　　　　　　　　/s/ Craig M. Kellison
　　　　　　　　　　　　　　　　　　　　**CRAIG M. KELLISON**
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE