IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD THOMAS, | No. CIV S-08-1295-CMK-P |
|     Petitioner, | |
|   vs. | ORDER |
| Unknown, | |
|     Respondent. | |

       Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 24, 2008, petitioner filed a notice of voluntary dismissal. Because no response to the petition had been filed, the action was dismissed on October 6, 2008, and the Clerk of the Court was directed to close this file. See Fed. R. Civ. P. 41(a)(1)(A)(I). On December 30, 2008, petitioner filed a request to re-open the case, stating that he mistakenly filed the request for voluntary dismissal due to "psychological problems."

       Petitioner's request to re-open the case will be denied because, even if petitioner had not voluntarily dismissed the petition, it would be subject to summary dismissal. As discussed in the court's September 16, 2008, order to show cause, petitioner states in his petition that he pleaded guilty to the charge of attempted murder on a peace officer and was sentenced to

1

1  21 years to life in state prison.  While he indicates that he filed a direct appeal, he did not raise

2  any claims relating to the plea.  Specifically, he did not argue in the state court that his guilty plea

3  was neither knowing nor voluntary.  Similarly, in the instant federal petition, petitioner does not

4  raise any claims relating to the validity of the plea but argues "potential merritous" claims in

5  support of a reduced sentence.  The September 16, 2008, order outlined the law relating to habeas

6  challenges to convictions arising from guilty pleas as follows:

> A guilty plea which is knowingly, intelligently, and voluntarily made, bars any right to later assert claims based on constitutional deprivations allegedly occurring prior to the guilty plea.  See Lefkowitz v. Newsome, 420 U.S. 283, 288 (1975) (citing Brady v. United States, 397 U.S. 742 (1970); McMann v. Richardson, 397 U.S. 759 (1970); and Parker v. North Carolina, 397 U.S. 790 (1970)).  Thus, where the defendant pleads guilty, he may only challenge whether the guilty plea was valid (i.e., knowing, intelligent, and voluntary).  See Tollett v. Henderson, 411 U.S. 258, 267 (1973); see also Mitchell v. Superior Court for Santa Clara County, 632 F.2d 767, 769-70 (9th Cir. 1980).  This rule is known as the "Tollett rule."
>
> An exception to this rule may exist where state law permits a challenge to an adverse pre-trial ruling despite a later guilty plea.  See Lefkowitz, 420 U.S. at 288 (citing McMann, 397 U.S. at 766).  This is called the "Lefkowitz exception."  In California, a defendant may raise an issue on appeal despite a guilty plea if the defendant has filed a written statement with the trial court setting forth the grounds for the claim and the trial court has issued a certificate of probable cause for the appeal.  See Mitchell, 632 F.2d at 771 (citing Cal. Penal Code § 1237.5).  This rule, however, does not operate as an exception to the Tollett rule.  See Mitchell, 632 F.2d at 772.  The only Lefkowitz exception under California law is a statute permitting an appeal based on an alleged Fourth Amendment violation.  See id. at 771; see also Cal. Penal Code § 1538.5.  A conditional guilty plea does not fall under the Lefkowitz exception.  See Mitchell, 632 F.2d at 773.  Another exception to the Tollett rule exists where the challenge goes to "the power of the state to bring the defendant into court to answer the charges brought against him."  Journigan v. Duffy, 552 F.2d 283,  (9th Cir. 1977) (citing Blackledge v. Perry, 417 U.S. 21, 30 (1974)).  This is known as the "Journigan exception."
>
> Thus, under the Tollett rule, a defendant who pleaded guilty may only raise claims on federal habeas which challenge the validity of the plea or fall within either the Lefkowitz or Journigan exceptions.  Claims of ineffective assistance of counsel with respect to the plea are permitted under the Tollett rule.  See Tollett, 411 U.S. at 267 (citing McMann, 397 U.S. at 771). . . .

25  / / /

26  / / /

1    Petitioner was directed to show cause why the petition should not be summarily
2    dismissed. In response, petitioner stated that the case should not be dismissed because he was
3    incompetent at the time he entered his guilty plea. Because this assertion was raised for the first
4    time in petitioner's response to the order to show cause, the court discharged the order to show
5    cause and provided petitioner an opportunity to file an amended petition. Instead, he filed a
6    request for voluntary dismissal. A review of petitioner's current motion to re-open the case
7    indicates, however, that he would not be able to amend to avoid the problem outlined in the
8    September 16, 2008, order. In particular, petitioner outlines his claims as follows:

> I was trying to get my sentence reduced.
> My claims are on file. I'm the but who got attempted murder for stabbing an officer. I thought a killer was after me. Same name 49ers football player dies. People in newspaper been passing away in Stockton jail 7 block showers name is scratched indicating I was a snitch. Stockton jail's court transport bus my last name is Brandished. Put me under presure persuriant to crime. You can call and ask.
> I was wondering if you could reduce prison sentence through mail.
> I was given 21 years to life. Prison proposes judges authorization to go to mental hospital. Could you be the judge to do that to Atascadero State Hospital or could you reduce prison sentence.

15    From this, and the allegations set forth in the original petition, it is clear that petitioner does not
16    have any claims relating to the validity of his plea.
17    Accordingly, IT IS HEREBY ORDERED that petitioner's motion to re-open this
18    case (Doc. 12) is denied.

DATED: January 14, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

3